**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000345
19-JUN-2019
07:45 AM**

NO. CAAP-16-0000345

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MAXWELL F. JONES, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-15-03477)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Defendant-Appellant Maxwell F. Jones (**Jones**) appeals
from the Notice of Entry of Judgment and/or Order and Plea/
Judgment (**Judgment**) entered by the District Court of the First
Circuit, Honolulu Division (**District Court**)[1] on March 22, 2016.
Jones was convicted of Operating a Vehicle Under the Influence of
an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes
(**HRS**) § 291E-61(a)(1) (Supp. 2014).[2]  Jones contends that the
District Court erred by:

---

[1]     The Honorable James S. Kawashima presided.

[2]     HRS § 291E-61 provides, in relevant part:

    (a)   A person commits the offense of operating a
vehicle under the influence of an intoxicant if the person
operates or assumes actual physical control of a vehicle:

        (1)   While under the influence of alcohol in an
              amount sufficient to impair the person's normal
              mental faculties or ability to care for the
              person and guard against casualty[.]

1.    admitting a police officer's testimony about Jones's performance on the standardized field sobriety test (**SFST**) and the officer's opinion that Jones failed the SFST;

2.    admitting a police officer's testimony about his administration of the horizontal gaze nystagmus[3] (**HGN**) test "for the purpose of determining substantive evidence of intoxication beyond simple probable cause";

3.    taking judicial notice of a certified traffic abstract and admitting it into evidence; and

4.    finding Jones guilty of OVUII based upon insufficient evidence.

For the reasons explained below, we affirm the Judgment.

## I.

The parties agree that at about 3:15 a.m. on July 25, 2015, Honolulu Police Department (**HPD**) officer Joshua Wong stopped a motor vehicle driven by Jones after Officer Wong saw the vehicle run a red light.  Jones was charged by complaint with OVUII.  He pleaded not guilty.

Trial was held on January 8, 2016 and March 22, 2016. Officer Wong testified that he was driving a marked HPD vehicle

---

[3]    Nystagmus is:

a well-known physiological phenomenon that has been defined by one medical dictionary as "an involuntary rapid movement of the eyeball, which may be horizontal, vertical, rotatory, or mixed, i.e., of two varieties."  HGN or jerk nystagmus is a particular type of nystagmus "characterized by a slow drift, usually away from the direction of gaze, followed by a quick jerk or recovery in the direction of gaze."  Stated otherwise, it "is the inability of the eyes to maintain visual fixation as they are turned from side to side."

. . . .

[I]t has been well-documented through research studies over the years that alcohol intoxication affects eye movement and nystagmus becomes more pronounced with alcohol consumption.

State v. Ito, 90 Hawai'i 225, 230-31, 978 P.2d 191, 196-97 (App. 1999) (citations omitted).

mauka[4] on Ke'eaumoku Street.  He stopped for a red light at the
Makaloa Street intersection.  The light turned green for traffic
on Ke'eaumoku Street.  Before Officer Wong entered the
intersection he heard an engine roaring.  He looked to his left.
He saw headlights from a vehicle on Makaloa Street approaching
the Ke'eaumoku Street intersection.  The vehicle went through the
intersection against the red light.  Officer Wong turned onto
Makaloa Street, activated his blue light and siren, and stopped
the vehicle.  Jones was sitting in the driver's seat.

Officer Wong told Jones he ran a red light.  Jones
stated, "oh, I didn't make the light?"  Officer Wong smelled a
"strong odor of alcohol coming from [Jones's] breath."  Jones's
eyes were red and bloodshot, and Jones's speech was slurred.
Officer Wong asked Jones for his motor vehicle registration,
insurance card and driver's license.  Jones fumbled with his
license and it fell in his lap.  Officer Wong asked Jones if he
would participate in the SFST, and Jones agreed.

At the time of the trial Officer Wong had been a police
officer for five years.  He had been trained to administer, and
had administered, the SFST "close to a thousand" times.  He had
made 600 to 700 arrests for driving under the influence of
intoxicants.  In February 2015 he became an SFST instructor for
HPD.  In order to become certified as an instructor he was taught
by National Highway Traffic Safety Administration (**NHTSA**) and
International Association of Chiefs of Police (**IACP**) qualified
instructors.

He asked Jones the medical rule-out questions, to which
Jones answered "no[.]"  He described the procedures for
performing, and criteria for evaluating, the HGN test, consistent
with Ito, 90 Hawai'i at 230-33, 978 P.2d at 196-99.  Jones did
not have resting nystagmus, his pupils were equal in size, and he
was able to track a stimulus equally with each eye.  During the
HGN test Jones showed a lack of smooth pursuit of the stimulus in

---

[4]      In the Hawaiian language, "mauka" means toward the mountain.
Midkiff v. Kobayashi, 54 Haw. 299, 301 n.1, 507 P.2d 724, 727 n.1 (1973).

both eyes. He displayed nystagmus in each eye at maximum deviation. He displayed nystagmus in each eye prior to 45-degree lateral movement. Officer Wong testified that Jones failed the HGN test.

Officer Wong described the procedures for performing, and criteria for evaluating, the walk-and-turn test. Jones was unable to keep his balance during the instructional phase. He took ten steps in each direction instead of nine. He made an improper turn. He missed heel-to-toe on five steps. He stepped off the line three times. He raised his arms instead of keeping them at his side as he had been instructed. Officer Wong testified that Jones failed the walk-and-turn test.

Officer Wong also described the procedures for performing, and criteria for evaluating, the one-leg stand test. Jones swayed and raised his arms three times during the one-leg stand test. Officer Wong testified that Jones failed the one-leg stand test.

Officer Wong testified:

> Q.    So taking this defendant's performance on the SFST as a whole, what was your evaluation of the defendant's performance on July 25th, 2015?
>
> A.    My evaluation is that based on all three of the standardized field sobriety tests that the defendant was not sober and that he was not able to operate a vehicle safely[.]

The District Court found Jones guilty as charged and entered the Judgment. This appeal followed.

## II.

## A.

Jones's first point of error argues that the District Court erred in admitting Officer Wong's testimony about Jones's performance on the SFST and Officer Wong's opinion that Jones failed the SFST.[5]

---

[5]    As discussed below, even if the District Court erroneously allowed Officer Wong to opine that Jones failed the SFST, the error was harmless
(continued...)

The SFST consists of three parts: (1) HGN; (2) walk-and-turn; and (3) one-leg stand.  The evidence showed that Officer Wong was certified by NHTSA and IACP to instruct HPD officers to perform and evaluate the SFST.  See State v. Bebb, 99 Hawai'i 213, 216 n.3, 53 P.3d 1198, 1201 n.3 (App. 2001) (referring to "Officers trained in the NHTSA/IACP-approved SFST . . . curricula"), overruled on other grounds by State v. Maldonado, 108 Hawai'i 436, 445 n.13, 121 P.3d 901, 910 n.13 (2005).  Officer Wong was qualified to conduct and grade the science-based HGN test, and performed the test properly upon Jones.  See Ito, 90 Hawai'i at 244, 978 P.2d at 210.  Officer Wong was also qualified to conduct and grade the walk-and-turn and one-leg stand performance tests he administered to Jones.  The District Court found him to be qualified to express opinions under the standard set forth in State v. Mitchell, 94 Hawai'i 388, 396-97, 15 P.3d 314, 322-23 (App. 2000).  Accordingly, it was not error for the District Court to allow Officer Wong to express an expert opinion[6] that Jones "failed" the HGN test, the walk-and-turn test, and the one-leg stand test.[7]

## B.

Jones next contends that the District Court erred in admitting Officer Wong's testimony about Jones's performance on

---

[5] (...continued)
because there was other substantial evidence supporting Jones's OVUII conviction.

[6]     Hawaii Rules of Evidence (**HRE**) Rule 702 (1993) ("Testimony by experts") provides, in pertinent part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

[7]     Although Officer Wong also opined that Jones's performance on the SFST indicated that Jones's "blood alcohol content is at or above a .08[,]" Jones was not convicted of violating HRS § 291E-61(a)(4) (Supp. 2014) (operation of a vehicle with ".08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood").

the HGN test and other SFSTs "for the purpose of determining substantive evidence of intoxication beyond simple probable cause[,]" citing State v. Toyomura, 80 Hawai'i 8, 904 P.2d 893 (1995) and Bebb, supra.

In Toyomura, the Hawai'i Supreme Court adopted and approved our analysis in State v. Nishi, 9 Haw. App. 516, 521-24, 852 P.2d 476, 479-80 (1993) that foundational evidence of a police officer's knowledge of HPD's SFST procedure was necessary before the officer could be allowed to express an expert opinion about whether a defendant was intoxicated based upon an SFST. Toyomura, 80 Hawai'i at 26, 904 P.2d at 911. In this case the State laid a proper foundation for Officer Wong, an NHTSA- and IACP-certified SFST instructor for HPD, to opine that Jones was intoxicated based upon the results of Jones's SFST.

In Bebb, HPD officer Brian Rego administered the SFST to Bebb after Bebb was stopped for running a red light. In that case, "we [were] not presented with the question of whether Officer Rego was qualified as an expert. We [were] presented with the question of whether the [trial] court was permitted to consider Officer Rego's lay opinion[8] of [Bebb]'s intoxication." 99 Hawai'i at 217, 53 P.3d at 1202 (emphasis and footnote added). In this case, because we hold that Officer Wong was properly allowed to express an expert opinion that Jones was intoxicated, Bebb does not apply.

## C.

Jones's third point of error challenges the District Court's taking judicial notice of Jones's traffic abstract,

---

[8]     HRE Rule 701 (1993) ("Opinion testimony by lay witnesses")
provides:

>          If the witness is not testifying as an expert, the
>     witness' testimony in the form of opinions or inferences is
>     limited to those opinions or inferences which are (1)
>     rationally based on the perception of the witness, and (2)
>     helpful to a clear understanding of the witness' testimony
>     or the determination of a fact in issue.

State's trial Exhibit 3 (**Abstract**). The State offered the Abstract — which shows that Jones was convicted for OVUII on December 24, 2013 — in connection with the charge for violation of HRS § 291E-61(b)(2) (Supp. 2014) ("offense that occurs within five years of a prior conviction for [OVUII]").

"Under HRE Rule 201(d), a court <u>shall</u> take judicial notice when a party requests that the court take judicial notice of a fact and supplies the court with the necessary information." <u>State v. Abdon</u>, 137 Hawai'i 19, 27, 364 P.3d 917, 925 (2016). The Abstract was a certified copy of information about Jones's other traffic violations, including a judgment of conviction for OVUII entered on December 24, 2013, "extracted from the official records of the District Courts of the State of Hawaii [Hawai'i]" and signed by the Clerk of the District Court of the First Circuit, State of Hawai'i. "The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." <u>Id.</u> at 26, 364 P.3d at 924 (citation omitted). The District Court did not err in taking, and was in fact required to take, judicial notice of the Abstract pursuant to HRE Rule 201(d) (1993).

Jones's opening brief argues that the Abstract was testimonial hearsay that should have been excluded under the confrontation clause of article I, section 14 of the Hawai'i Constitution,[9] citing <u>State v. Fields</u>, 115 Hawai'i 503, 168 P.3d 955 (2007). <u>Fields</u> concerned an out-of-court statement made by an assault victim to a police officer. More recently, in <u>State v. Fitzwater</u>, 122 Hawai'i 354, 227 P.3d 520 (2010), the Hawai'i Supreme Court held that the defendant's right to confrontation was not violated by the admission of a speed check card created in a non-adversarial setting in the regular course of maintaining

---

[9]     The confrontation clause of article I, section 14 of the Hawai'i Constitution states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against the accused[.]"

a police vehicle.  The Abstract at issue in this case was prepared and certified by the District Court's clerk in the regular course of the court's business; it was not prepared or certified in the course of HPD's investigation of the OVUII charge against Jones.  It is akin to the speed check card at issue in Fitzwater, id. at 370-74, 227 P.3d at 536-40, and the intoxilyzer log at issue in State v. Ofa, 9 Haw. App. 130, 135-39, 828 P.2d 813, 816-18 (1992).  We hold that Jones's right to confrontation under the Hawaiʻi Constitution was not violated by the admission of the Abstract.

Moreover, even if the Abstract had been admitted in error, the error would have been harmless because State's Exhibit 2 — a certified copy of the December 24, 2013 OVUII judgment — establishes that the defendant in this case is the same person convicted in 2013 by referring to Jones's JIMS ID @1298478.  Jones does not appeal from the District Court's admission of State's Exhibit 2.

**D.**

Jones's final point of error argues that the evidence was insufficient to support a conviction for OVUII.  We disagree. Even without Officer Wong's opinions that Jones "failed" the HGN test, the walk-and-turn test, and the one-leg stand test, there was substantial evidence supporting Jones's OVUII conviction.

When reviewing the sufficiency of evidence on appeal, we apply the following deferential standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted).  "'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to

enable a person of reasonable caution to support a conclusion."
Id. (citation omitted).

> Matters relating to the credibility of witnesses and the
> weight to be given to the evidence are generally left to the
> factfinder. The appellate court will neither reconcile
> conflicting evidence nor interfere with the decision of the
> trier of fact based on the witnesses' credibility or the
> weight of the evidence.

Mitchell at 393, 15 P.3d at 319 (citations omitted).

A police officer can express a "lay" opinion that an
arrestee is not sober based on the officer's "lay" observations.
Toyomura, 80 Hawai'i at 26-27, 904 P.2d at 911-12. A police
officer's "lay" opinion that an arrestee is not sober cannot be
based on the officer's "assessment of the results of the FSTs."
Id. at 26, 904 P.2d at 911 (emphasis added). However, "the
psychomotor FSTs [walk-and-turn and one-leg stand] are non-
scientific in nature." State v. Ferrer, 95 Hawai'i 409, 427, 23
P.3d 744, 762 (App. 2001). "[I]t is permissible for a police
officer to testify as a lay witness about his or her observations
of a defendant's performance on various FSTs and to give an
opinion, based on such observations, that the defendant was
intoxicated." Id. at 429, 23 P.3d at 764 (emphasis added).

Officer Wong testified that Jones was unable to keep
his balance during the instructional phase of the walk-and-turn
test, took ten steps in each direction instead of nine as
instructed, made an improper turn, missed heel-to-toe on five
steps, stepped off the line three times, and raised his arms
instead of keeping them at his side as he had been instructed.
Officer Wong also testified that Jones swayed and raised his arms
three times during the one-leg stand test. Officer Wong's
testimony about his observations of Jones's performance on the
walk-and-turn and one-leg stand tests, along with Officer Wong's
observations of Jones's operation of his car, the strong odor of
alcohol coming from Jones's breath, Jones's red and bloodshot
eyes, Jones's fumbling with his driver's license, and Jones's
dropping his license in his lap, was sufficient to support Jones'
conviction.

The Judgment entered by the District Court on March 22, 2016, is affirmed.

DATED: Honolulu, Hawai'i, June 19, 2019.

On the briefs:

Michael S. Zola,
for Defendant-Appellant.

Chief Judge

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge